APPEAL OF INDEPENDENT ELECTRIC MACHINERY CO.

Docket No. 2742.    Submitted December 12, 1925.    Decided March 31, 1926.

> Salary and bonus authorized by directors *held* to be proper deduction as ordinary and necessary expenses.

*Phil D. Morelock* and *Dudley Doolittle, Esqs.,* for the taxpayer.
*Robert A. Littleton, Esq.,* for the Commissioner.

Before STERNHAGEN, LANSDON, and ARUNDELL.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1919, 1920, and 1921, in the amount of $1,350.99.

The deficiency letter covers the three years above enumerated, but no additional tax liability is asserted, except for the year 1920. The only issue involved is the taxpayer's contention that the Commissioner erroneously disallowed deductions for salaries alleged to have been credited and paid to officers during the years in question as ordinary and necessary expenses.

### FINDINGS OF FACT.

The taxpayer is a Missouri corporation with its principal office at Kansas City. It was incorporated prior to the year 1909, with an authorized capitalization in an amount of $10,000, divided into 100 shares of the par value of $100 each. J. E. Launder acquired 51 shares of the stock in 1909, 10 shares in 1912, and 10 shares in 1915, and the remaining 29 shares in 1920. Since that date, except for three qualifying shares, he has been the owner of all the outstanding stock of the taxpayer, which has been a close corporation since its organization.

In 1917 and 1918, the directors fixed the annual compensation of the president of the taxpayer at $6,000, plus a bonus of 20 per cent of the net profits. Without further corporate action, the president fixed his own salary for the years 1920 and 1921 at $11,000 and $10,400, respectively, and such amounts were accrued on the books and credited to the personal account of the president, together with other items representing bonus, in the form of commissions on sales, all in the total amounts of $13,317.75 and $10,400, respectively. During the years 1920 and 1921, the president withdrew the respective amounts of $16,076.62 and $6,800.78, which were charged against his personal account. In his personal income-tax returns for the years 1920 and 1921, he included the amounts of $13,317.75 and $10,400 in his gross income for the respective years.

In its income and profits-tax returns for 1920 and 1921, the taxpayer deducted from its gross income the amounts of $14,133.33 and $10,400, accrued on its books for compensation of officers in such years, as ordinary and necessary expenses. Upon audit of such returns by the Commissioner several minor adjustments, not now in question, were made, and the deductions on account of the president's compensation were reduced in the amounts of $5,000 and $4,400 for the respective years, which amounts were added to the taxpayer's income.

After the addition to income of the amounts disallowed for compensation of officers, the taxpayer's net income for the years 1920 and 1921 was $14,488.77 and $24,703.21, respectively.

### OPINION.

LANSDON: The issue in this appeal is whether the Commissioner erred in adding the amounts of $5,000 and $4,400 to the taxpayer's taxable income for the years 1920 and 1921, respectively. The petitioner asserts that such amounts were accrued on its books as compensation of its president, and were either drawn by such officer or available for his withdrawal and use during the taxable years

involved. The Commissioner contends that the amounts in question were never authorized as compensation and were not received by the president, either actually or constructively, during such years. The reasonableness of the compensation is not in question.

The parties agree that the compensation of the president for the years 1917 and 1918 was fixed by the taxpayer's directors at $6,000 per annum, with a bonus of 20 per cent of the net earnings. No subsequent corporate action is asserted by the taxpayer which concedes that the amounts of $11,000 and $10,400, accrued on its books as compensation of its president for the years 1920 and 1921, were determined by the president without any action by the directors, and that the only record of such action is the accrual on its books of the amounts so determined. The president testified that the matter of his compensation was never considered by the directors after the year 1918, and that, as he was the owner of substantially all the stock, he believed himself to be within his rights in fixing and paying his own compensation without conferring with the other directors. The hearing was held in Kansas City, where the principal office of the taxpayer is located, but no minutes of any meeting of stockholders or directors or any books of account were offered in evidence.

The Board is of the opinion that the taxpayer was entitled to deduct the amount of $6,000 as salary paid to its president for each of the years 1920 and 1921, as an ordinary and necessary expense, and to an additional deduction of 20 per cent of $14,448.77 from its gross income for 1920, and of 20 per cent of $24,703.21 from its gross income for 1921, on account of the bonus voted by the directors to its president in 1918.

*Order of redetermination will be entered on 20 days' notice, under Rule 50.*